UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sherisse Cerasoli,<br><br>               Plaintiff,<br><br>        -against-<br><br>The City of New York; Elizabeth McNulty, in her individual capacity; Levon Holley, in his individual capacity; Christine Barrientos, in her individual capacity; John Does 1 and 2, each in his individual capacity;<br><br>               Defendants. | ECF CASE<br><br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>13 Civ. 3796 (AKH) |

### PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

### JURISDICTION

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

### VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events

giving rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

5.	Plaintiff demands a trial by jury on each and every one of her claims as pled herein.

## PARTIES

6.	Plaintiff Sherisse Cherasoli is a resident of New York. She is currently the lead of operations for an international jewelry manufacturing company.

7.	Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8.	The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9.	At all relevant times herein, defendants Elizabeth McNulty, Levon Holley, Christine Barrientos, John Does 1 and 2 (collectively, the "Individual Defendants") were

police officers employed by the NYPD and each was acting in the capacity of agent, servant, and employee of the City.

10. At all times relevant herein, Elizabeth McNulty held the rank of Police Officer.

11. At all times relevant herein, Christine Barrientos held the rand of Police Officer.

12. At all times relevant herein, Levon Holley held the rank of Lieutenant.

13. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

14. The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

15. On July 21, 2012, plaintiff Sherisse Cerasoli was on East 115th Street between Madison and Fifth Avenues, on her way home from "Family Day" at the Taft Houses, a New York City Housing Authority housing development in Harlem.

16. She heard a commotion and was told that the police had just beat up, and were

arresting, her niece, Tiana Damon, and two of Ms. Damon's friends.

17.    Ms. Cerasoli ran back toward Madison Avenue and the Taft Houses to see what was happening to her niece. Once there, Ms. Cerasoli encountered a large number of police officers, whom she asked what was going on.

18.    Several of the officers grabbed Ms. Cerasoli, aggressively pushed her against a van, handcuffed hre behind her back and placed into a police car in which one of Ms. Damon's friends had already been placed.

19.    Officer McNulty and Lieutenant Holley observed this violent arrest taking place but, despite the opportunity to do so, did nothing to prevent it.

20.    Ms. Cerasoli was driven from the Taft Houses to a police precinct. She remained in police custody until she was arraignment after midnight the following day on a Misdemeanor Complaint filed in the New York County Criminal Court, County of New York (the "Misdemeanor Complaint").

21.    As a result of the detention, Ms. Cerasoli missed her 11-year-old daughter's birthday and birthday party.

22.    The Misdemeanor Complaint was sworn out by Officer McNulty who stated that she observed Ms. Cerasoli stand between Lieutenant Holley and Ms. Damon and her two friends (who were also arrested) and push them and Lieutenant Holley to prevent Lieutenant Holley from handcuffing them.

23.    Officer McNulty further states that she was informed by Officer Barrientos that

when the latter was placing Ms. Cerasoli under arrest, Ms. Cerasoli "flailed [her] arms and kicked [her] legs."

24. At no time did Ms. Cersoli push Lieutenant Holley or Ms. Damon or her friends. Nor did she flail her arms or kick her legs while being arrested.

25. On January 15, 2013, after three court appearances, the charges against Ms. Cerasoli were dismissed.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C.§ 1983 Against the Individual Defendants

26. All other paragraphs herein are incorporated by reference as though fully set forth.

27. The aforementioned acts deprived Plaintiff of her rights, privileges and immunities guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the Individual Defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the Individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City and the NYPD, all under the supervision of ranking officers of said department.

30. The Individual Defendants, collectively and individually, while acting under

color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31. The Individual Defendants' conduct was the proximate cause of the injuries and damages sustained by Plaintiff.

## SECOND CAUSE OF ACTION
### False Arrest under 42 U.S.C. § 1983
### Against the Individual Defendants

32. All other paragraphs herein are incorporated by reference as though fully set forth.

33. By intentionally confining, arresting, imprisoning and detaining Plaintiff without probable cause, privilege or consent, the Individual Defendants engaged under color of law in the violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures, false arrest and imprisonment.

## THIRD CAUSE OF ACTION
### Excessive Force under 42 U.S.C. § 1983
### Against the Individual Defendants

34. All other paragraphs herein are incorporated by reference as though fully set forth.

35. By pulling at and pulling out Plaintiff's hair, by bringing her violently to the ground and otherwise assaulting her during the course of her arrest, the Individual

Defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from excessive force.

### FOURTH CAUSE OF ACTION
### Malicious under 42 U.S.C. § 1983
### Against the Individual Defendants

36. All other paragraphs herein are incorporated by reference as though fully set forth.

37. By instituting a criminal action against Plaintiff that was actuated by actual malice and lacking in probable cause the Individual Defendants engaged under color of law in the violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from malicious prosecution.

### FIFTH CAUSE OF ACTION
### Failure to Intervene under 42 U.S.C. § 1983
### Against the Individual Defendants

38. All other paragraphs herein are incorporated by reference as though fully set forth.

39. Each of the Individual Defendants, including Officer McNulty and Lieutenant Holley, who were present and who did not participate in unconstitutional seizure or excessive force against Plaintiff had a duty to intervene on Plaintiff's behalf to prevent the violation of her constitutional rights.

40. These Individual Defendants failed to intervene on Plaintiff's behalf to prevent

the violation of her constitutional rights despite having been in the position and the opportunity to do so.

41. As a result of the aforementioned conduct of the defendant officers, Plaintiff's constitutional rights were violated and she was subjected to false arrest and excessive force.

## SIXTH CAUSE OF ACTION
## 42 U.S.C. § 1983 Against the City of New York

42. All other paragraphs herein are incorporated by reference as though fully set forth.

43. Municipal liability for the violations of Plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

44. At all times material to this Complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

45. At all times material to this Complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

WHEREFORE, Plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

  2. Award compensatory and punitive damages to Plaintiff against the defendants, jointly and severally;

  3. Award Plaintiff reasonable costs, disbursements and attorney's fees; and

  4. Grant any other relief the court deems appropriate.

Dated: New York, New York
   May 30, 2013

         Respectfully submitted,

         Darius Wadia, L.L.C.


         /s/
         _____
         By: Darius Wadia (Bar number DW8679)
         Attorney for Plaintiff
         233 Broadway, Suite 2208
         New York, New York  10279
         dwadia@wadialaw.com